UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNEMARIE HICKEY<br><br>Plaintiff,<br><br>v.<br><br>NYU WINTHROP LANGONE HOSPITAL,<br><br>Defendant. | **MEMORANDUM AND ORDER**<br><br>24-cv-06954 (LDH) (ARL) |

LASHANN DEARCY HALL, United States District Judge:

AnneMarie Hickey ("Plaintiff"), brings this action against NYU Langone Hospital – Long Island ("Defendant")[1], for a violation of the New York State Human Rights Law ("NYSHRL"). N.Y. Exec. Law §§ 290-301. Defendant moves, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint in its entirety. (Mem. of Law in Supp. of Def.'s Mot. to Dismiss ("Mot.") at 1, ECF. No. 35-1.)

## BACKGROUND

From June 16, 2014, to October 1, 2021, Plaintiff was employed by Defendant as a medical coder. (Second Am. Compl. ("Compl.") ¶¶ 5, 36, ECF No. 29.) In June, 2020, Plaintiff moved from New York to Myrtle Beach, South Carolina. (*Id.* ¶ 25.) There, Plaintiff continued to work for Defendant as a remote employee pursuant to Defendant's Telecommuting Agreement. (Compl. ¶ 7, 25; Mot. Ex. A, ECF No. 35-3.) On July 18, 2021, and then again on August 27, 2021, Plaintiff was notified by her supervisor that she would need to receive the

[1] Defendant is referred to as "NYU Winthrop Langone Hospital" in the Complaint and subsequent filings.

COVID-19 vaccine to continue her employment with Defendant. (Compl. ¶¶ 26-27.) Plaintiff requested an accommodation based on her religious beliefs that would allow her to forgo the COVID-19 vaccine and continue working remotely from South Carolina. (Compl. ¶¶ 30-33.) Defendant denied the request and terminated Plaintiff's employment on October 1, 2021. (Compl. ¶ 36.)

**STANDARD OR REVIEW**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The Plaintiff bears the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists. *Id*. "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff'" *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (alterations in original) (quoting J.*S. ex rel. N.S. v. Attica Cent. Sch*., 386 F.3d 107, 110 (2d Cir. 2004)). Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court ... may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

**DISCUSSION**

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc*., 943 F.3d 613, 616 (2d Cir. 2019) (citation omitted). Among the most important of these limits is subject matter jurisdiction, which informs "'a court's competence to adjudicate a particular category of cases.'" *Id*. at 617 (quoting *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006)). To establish subject

matter jurisdiction, a plaintiff may either (1) "plead[] a colorable claim 'arising under' the Federal Constitution or laws," or (2) "present[] a claim between parties of diverse citizenship that exceeds the required jurisdictional amount" of $75,000. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (first quoting *Bell v. Hood,* 327 U.S. 678, 681–685 (1946); and then citing 28 U.S.C. §1332(a)).

The New York State Legislature enacted the NYSHRL to "assure that every individual within this state is afforded an equal opportunity to enjoy a full and productive life and that the failure to provide such equal opportunity, whether because of discrimination, prejudice, intolerance or inadequate education, training, housing or health care not only threatens the rights and proper privileges of its inhabitants but menaces the institutions and foundation of a free democratic state and threatens the peace, order, health, safety and general welfare of the state and its inhabitants." N.Y. Exec. Law § 290(3). Of particular relevance here, the broad protections afforded under the NYSHRL are expressly limited to residents of the state. *Hoffman v. Parade Publications*, 15 N.Y.3d 285, 291 (2010) (citations omitted). Accordingly, Courts have long made clear that subject matter jurisdiction over claims brought under the NYSHRL by non-residents exists only where a non-resident can "plead and prove that the alleged discriminatory conduct had an impact in New York." *Id*. In this case, the Complaint makes plain that Plaintiff was a South Carolina resident at the time of her termination. (Compl. ¶¶ 25, 73.) Therefore, for the Court to have jurisdiction over the claim, she must "plead and prove" that the alleged discriminatory conduct had an impact in New York. *Hoffman*, 15 N.Y.3d at 291. Defendant maintains that Plaintiff's failure to do so deprives the Court of subject matter jurisdiction over her claims. (Mot. § I.A.) The Court agrees.

Plaintiff pleads a few key facts in her effort to establish the required nexus between the alleged discriminatory conduct and the State of New York. Namely, Plaintiff asserts that she "always had the expectation that at some point she would be required to work in the State of New York", (Compl. ¶ 11), and that her termination "deprived her of the opportunity to work in New York in the role for which she was hired, once the pandemic-related restrictions subsided," (Compl. ¶ 38). Such "tangential connections" premised on the possibility that Plaintiff could return to New York "at some point" do not satisfy the NYSHRL's jurisdictional requirement. *See Troeger v. JetBlue Airways Corp*., No. 23-CV-10859, 2024 WL 5146185, at *8 (S.D.N.Y. Dec. 17, 2024) ("[Plaintiff] rests on his entirely tangential plans to one day return [to New York], which are insufficient to satisfy the NYSHRL's and NYCHRL's jurisdictional requirements" (internal citation and quotation omitted)); *see also Maines v. Last Chance Funding, Inc*., No. 17-CV-05453, 2018 WL 4558408, at *8 (E.D.N.Y. Sept. 21, 2018) (same).

In an effort to avoid this conclusion, Plaintiff directs the Court's attention to the Second Circuit's decision in *Syeed v. Bloomberg L.P*, 41 N.Y.3d 446 (2024). (Mem. of Law in Opp'n to Def.'s Mot. to Dismiss ("Opp'n") at 14-15, ECF. No. 35-4.) *Syeed*, however, is inapposite. It is true that in *Syeed* non-resident plaintiff could pursue her claim under the NYSHRL and NYCHRL. *Id.* at 450-454. Critically, however, that case arose in the failure-to-hire or failure-to-promote context. *Id*. As the Court of Appeals of New York makes clear, "[f]or purposes of the impact test, a failure to hire or promote case is distinct from a discriminatory termination case." *Id*. at 452. Thus, the decision in *Syeed* has no applicability to Plaintiff's discriminatory termination claims. Moreover, unlike the plaintiff in *Syeed*, Plaintiff here cannot qualify as a "prospective inhabitant or employee" of New York State, *id*. at 453, as evidenced by the fact that

the preferred accommodation that was denied to her was to keep working as a remote employee in South Carolina. (Compl. ¶ 33.)

Likewise, Plaintiff's remaining allegations do not establish that the alleged discriminatory conduct had an impact in New York. In further support of her NYSHRL claim, Plaintiff pleads that she reported to supervisors based in New York and paid taxes to New York State. (Compl. ¶¶ 13, 17.) Courts have consistently held that such attenuated contacts with the state do not satisfy *Hoffman's* impact test. For example, in *Benham v. eCommission Sols., LLC*, the First Department rejected a non-resident plaintiff's NYSHRL and NYCHRL claims, emphasizing that New York courts cannot assert subject matter jurisdiction over these claims based on the plaintiff's taxpayer status. 118 A.D.3d 605, 606 (2014) ("Plaintiff's argument that, because she filed New York State nonresident income tax returns and paid income taxes here, she is entitled to the protections, benefits and values of New York government, including the State and City HRL is unavailing. Whether New York courts have subject matter jurisdiction over a nonresident plaintiff's claims under the HRLs turns primarily on her physical location at the time of the alleged discriminatory acts, and not on her taxpayer status." (citations omitted)). Similarly, in *Vangas v. Montefiore Med. Ctr.*, the Second Circuit affirmed dismissal of a non-resident plaintiff's NYSHRL discriminatory termination claim, finding that the NYSHRL does not apply to non-resident employees whose only contact with New York is communications with supervisors, colleagues, or patients based in the state. 823 F.3d 174, 183 (2d Cir. 2016); *see also* *Amaya v. Ballyshear LLC*, 340 F. Supp. 3d 215, 222 (E.D.N.Y. 2018)[2] (holding that a non-

---

[2] The claims in *Vangas* and *Amaya* were also brought under the New York City Human Rights Law ("NYCHRL"). Claims under the NYCHRL are subject to the same standard established by *Hoffman* regarding where the impact of the discriminatory action was felt.

resident Plaintiff who traveled to New York for meetings, interacted with supervisors in New York, and was fired by an employee based in New York does not satisfy the impact test). As such, the Court lacks subject matter jurisdiction over Plaintiff's claims.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss the Amended Complaint in its entirety is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York
September 29, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge